**U.S. DISTRICT COURT**
**DISTRICT OF NEW JERSEY- NEWARK VICINAGE**

| | |
|---|---|
| ARNISSIA BROWN, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>-vs-<br><br>LAW OFFICE OF MICHAEL J. FILIPPIS, LLC and MICHAEL J. FILIPPIS,<br><br>        Defendants. | Civil Action No.<br><br><br><br><br>**NOTICE OF REMOVAL** |

**TO:** Clerk of the Court
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**WITH NOTICE TO:**
David C. Ricci, Esq.
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, New Jersey 07078
Attorney for Plaintiffs

      **PLEASE TAKE NOTICE THAT** Defendants, Law Office of Michael J. Filippis,

LLC and Michael J. Filippis hereby remove to this District Court the state action

currently pending in the Essex County Superior Court of New Jersey under Docket No.

ESX-L-72734-24 pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 described more fully

below.

### PLEADING

      1.     On or about May 8, 2024, Plaintiffs filed a Complaint in the Superior Court

of New Jersey in and for the County of Essex, entitled _Arnissia Brown, on behalf of herself_

_and all others similarly situated v. Law Office of Michael J. Filippis, LLC and Michael J._

144061390.1

<u>Filippis</u>, under Docket No ESX-L-2734-24.  A true and accurate copy of the Complaint is attached hereto as Exhibit A.

2.      In the Complaint, Plaintiffs allege claims against Defendants for violation of the Fair Debt Collection Practices Act ("FDCPA"). (Exhibit A).

3.      In the Complaint, Plaintiffs allege Defendants were retained to collect from Plaintiff Arnissia Brown "residential rent allegedly due and owing for the apartment in which she resided" (Exhibit A, ¶19).

4.      Plaintiffs further allege the Defendants, on April 24, 2023, mailed a letter to Arnissia Brown requesting more specific discovery responses from her. (Exhibit A, ¶22-26).

5.      Plaintiffs claim the letter sent by Defendants "did not disclose that the communication was from a debt collector."  (Exhibit A, ¶27).

6.      Plaintiffs allege Defendants sent similar written communications "to others similarly situated that were attempts to collect debts on behalf of another…". (Exhibit A, ¶28).

7.      Plaintiffs allege the March 29, 2023 communication would deceive the least sophisticated debtors.  (Exhibit A, ¶29).

8.      Plaintiffs allege they each suffered actual damages as a result of the Defendants alleged failure to comply with the provisions of the FDCPA. (Exhibit A, ¶31).

9.      Plaintiff alleges in the one count Complaint that Defendants violated the Fair Debt Collection Practice Act by sending the April 24, 2023 letter.  (Exhibit A, ¶60).

10.     In Plaintiff's demand for relief, Plaintiff seeks, among other things, actual damages and for maximum statutory damages under the FDCPA (Exhibit A).

## Grounds for Removal – Federal Question

11.     This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441. This action for monetary damages could have been filed originally in this Court pursuant to 28 U.S.C. § 1331 which provides that federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. Indeed, 28 U.S.C. § 1441(a) permits a defendant to remove a civil action filed in state court to federal court if the action could have been brought in federal court originally. See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 311, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005).

## Pleadings and Process.

12.     As required by 28 U.S.C. § 1446(a), moving Defendants have attached to this Notice of Removal copies of all state court process and pleadings served on them (*i.e.*, the Summonses and Complaint) (Exhibit A).

## Notice Given.

13.     Written notice of the filing of the Notice of Removal will be promptly served on the Plaintiffs' counsel, David C. Ricci, Esq. and a copy will be promptly filed with the Clerk of the Superior Court of Essex County, New Jersey, pursuant to 28 U.S.C. § 1446(d).  A true and accurate copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.

## Removal is Timely Filed.

14.     Defendants removal is timely under 28 U.S.C. §1446(b) as it is being filed within 30 days of receipt by Defendants, through service or otherwise, of a copy of the pleading from which it may be ascertained that the case is removable.  An Order for

Substitute Service of the Summons and Complaint was entered on August 2, 2024.  A true and accurate copy of the Order for Substitute Service is attached hereto as Exhibit C.

## Venue.

15.     Venue in this district is proper pursuant to 28 U.S.C. § 1446(a) because this action is currently pending in the Superior Court of Essex County, New Jersey, which is included in the District of New Jersey, Newark Vicinage.

## Non-Waiver of Defenses.

16.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants right to assert any defense or affirmative matter, including without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or opposition to any attempt to certify a class in this or any other case.

**ACCORDINGLY**, because this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Law Offices of Michael J. Filippis, LLC and Michael J. Filippis hereby remove this action from the  Superior Court of New Jersey, Essex County, to this Court.

Dated: August 13, 2024

/s/Jeffrey S. Leonard, Esq.
Jeffrey S. Leonard, Esq.
**LEWIS BRISBOIS BISGAARD & SMITH, L.L.P**
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 792-8740
E-mail:  jeffrey.leonard@lewisbrisbois.com
Attorneys for Defendants
Law Office of Michael J. Filippis, LLC and
Michael J. Filippis

# EXHIBIT  A

David C. Ricci, Esq. – NJ Attorney ID 037622011
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, New Jersey 07078
Tel: 973-218-2627   Fax: 973-206-6955
Email: dricci@NJConsumerLawyer.com
*Attorney for the Plaintiff and others similarly situated*

| | |
|---|---|
| Arnissia Brown, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Law Office of Michael J. Filippis, LLC and Michael J. Filippis<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO. ESX-L-2734-24<br><br>**SUMMONS TO<br>MICHAEL J. FILIPPIS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/ 10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-

5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.


Dated: May 8, 2024                                        _s/Michelle M. Smith, Esq._
                                                         Clerk of the Superior Court


Name and Address of Defendant to be Served:
**MICHAEL J. FILIPPIS**
Law Office of Michael J. Filippis, LLC
276 Broad Street, Ste 1
Bloomfield, NJ 07003

David C. Ricci, Esq. – NJ Attorney ID 037622011
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, New Jersey 07078
Tel: 973-218-2627; Fax: 973-206-6955
email: dricci@NJConsumerLawyer.com

*Attorney for the Plaintiff and others similarly situated*

| | |
|---|---|
| Arnissia Brown, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>Law Office of Michael J. Filippis, LLC and Michael J. Filippis<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO. ESX-L-_____-24<br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff bring this putative class action on behalf of herself and others similarly situated for damages and other relief arising from Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

2. Defendants Law Office of Michael J. Filippis, LLC and its principal Michael J. Filippis, (collectively, "Defendants") sent communications to Plaintiff and others similarly situated that were attempts to collect primarily a consumer debt, but did not disclose that that the communication was from a debt collector.

3. Defendants' conduct violated the FDCPA with respect to Plaintiff and others similarly situated in multiple ways.

## PARTIES

4. Plaintiff Arnissia Brown is a natural person residing in Trenton, New Jersey.

5. Defendant Law Office of Michael J. Filippis, LLC (the "Law Firm") is law firm with its main business address at 276 Broad Street, Suite 1, Bloomfield, New Jersey 07003.

6.  Defendant Michael J. Filippis ("Filippis") is an attorney licensed to practice law in New Jersey, the principal of the Law Firm, and signed the communications at issue in this action.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. § 1692, *et seq.,* pursuant to 15 U.S.C. § 1692k(d).

8.  Venue in this action properly lies in Essex County because at least one Defendant is located there.

## LEGAL BASIS FOR FAIR DEBT COLLECTION PRACTICES ACT CLAIMS

9.  The FDCPA simultaneously advances both consumer and business interests by protecting vulnerable consumers while promoting marketplace competition. 15 U.S.C. § 1692(e). Upon finding abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 130 S. Ct. 1605, 1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted; emphasis added); 15 U.S.C. § 1692(a).

10.  Congress also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b).

11.  The FDCPA creates a private right of action making "any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person." 15 U.S.C. § 1692k(a).

12. Congress conferred a legal injury to any natural person against whom a debt collector failed to comply with a provision of the FDCPA with respect to that person. 15 U.S.C. § 1692k(a).

13. Congress conferred a legal right to statutory damages to any natural person against whom a debt collector failed to comply with a provision of the FDCPA with respect to that person. 15 U.S.C. § 1692k(a)(2).

14. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr,* 464 F.3d 450, 453n1 (3d Cir. 2006). "This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.,* 550 F.3d 294, 298 (3d Cir. 2008). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993). Thus, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455.

15. Furthermore, except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.,* 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

16. "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir. 1989). Consequently, "[a]buses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Id.*

17. The FDCPA creates no special exceptions for attorneys – even when that conduct falls within conduct traditionally performed only by attorneys. *Heintz v. Jenkins,* 514 U.S. 291 (1995). For example, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson,* 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." *Piper v. Portnoff Law Associates,* 396 F.3d 227, 232 (3d Cir. 2005).

## FACTUAL ALLEGATIONS

18. Defendants sued Plaintiff and others similarly situated to collect a debt alleged to be owed to another primarily for personal, family, or household purposes.

19. Plaintiff's alleged debt was for residential rent allegedly due and owing for the apartment in which she resided. Defendants filed a complaint in the Mercer County Special Civil Part on behalf of the landlord (the "Collection Lawsuit").

20. Plaintiff represented herself pro se in the Collection Lawsuit.

21. Defendants issued discovery requests to Plaintiff in the course of the litigation to which Plaintiff served responses.

22. In a letter dated April 24, 2023, Defendants requested more specific discovery responses from Plaintiff. A copy of the April 24, 2023 Letter is attached hereto as **Exhibit A.**

23. The April 24, 2023 Letter used the masthead of the "Law Office of Michael J. Filippis, LLC."

24. The April 24, 2023 Letter was signed by Michael J. Filippis.

25. Defendants sent the April 24, 2023 Letter via the U.S. mail.

26. Plaintiff received the April 24, 2023 Letter shortly April 24, 2023.

27. The April 24, 2023 Letter did not disclose that the communication was from a debt collector.

28. Defendants sent written communications to others similarly situated that were attempts to collect debts on behalf of another allegedly incurred primarily for personal, family, or household purposes, but failed to disclose the communication was from a debt collector. These written communications were not formal pleadings made in connection with a legal action.

29. The least sophisticated debtor could be confused and deceived because he/she/they would not have been told that the sender of the communication was a debt collector.

30. Plaintiff and others similarly situated suffered a legal injury when Defendants failed to comply with provisions of the FDCPA.

31. Plaintiff and others similarly situated suffered imminent or actual monetary injury when Defendants sent communications that collected or attempted to collect alleged debts on behalf of another that were primarily incurred for personal, family or household purposes without disclosing that the communication was from a debt collector.

32. At all times relevant, Defendants regularly attempted to collect debts alleged to be owed to another.

33. At all times relevant, Defendants regularly collected debts owed or alleged to be owed to another.

34. At all times relevant, Defendants regularly attempted to collect debts alleged to be owed to another which were incurred primarily for personal, family or household purposes.

35. At all times relevant, Defendants regularly collected debts owed or alleged to be owed to another which were incurred primarily for personal, family or household purposes.

36.     At all times relevant, Defendants used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts owed or alleged to be owed another.

37.     At all times relevant, Defendants used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts incurred primarily for personal, family or household purposes owed or alleged to be owed another.

38.     At all times relevant, the principal business engaged in by Defendants was the collection of debts which were incurred primarily for personal, family or household purposes.

39.     The debts alleged to be owed by Plaintiff and others similarly situated were allegedly incurred primarily for personal, family or household purposes.

40.     Defendants knew or should have known that the above-mentioned acts or failures to act did not comply with the FDCPA.

41.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## CLASS ACTION ALLEGATIONS

42.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules.

43.     Plaintiff bring this action on behalf of herself and all others similarly situated.

44.     Plaintiff seek certification of a Class, initially defined as follows:

    The CLASS:

    Each natural person residing in New Jersey to whom Defendants sent a communication, on or after one year prior to the filing of this Complaint, collecting or attempting to collect an alleged debt on behalf of another where the alleged debt was incurred primarily for personal, family or household purposes, the communication failed to disclose that the communication was from a debt collector, and the communication was not a formal pleading.

The Class definition may be subsequently modified or refined.

45. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

46. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

47. The Class for whose benefit this action is brought exceeds forty members.

48. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    a) Whether Defendants are debt collectors as defined by the FDCPA;

    b) Whether Defendants sent communications to Plaintiff and others similarly situated that collected or attempted to collect alleged debts incurred primarily for personal family or household purposes'

    c) Whether Defendants sent communications to Plaintiff and others similarly situated that failed to disclose that the communication was from a debt collector;

    d) Whether Defendants were collecting or attempting to collect debts allegedly owed to another;

    e) Whether Defendants violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(11), and 15 U.S.C. § 1692f;

    f) Whether Plaintiff and the putative Class are entitled to damages.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

50. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

51.  The claims of the Plaintiff are typical of the claims of the members of the Class.

52.  Plaintiff does not have interests antagonistic to those of the Class.

53.  The Class, of which Plaintiff is a member, is readily identifiable.

54.  Plaintiff will fairly and adequately protect the interests of the Class, and have retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a significant experience in litigating class actions, other complex litigation, and claims of the type asserted in this action.

55.  The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

56.  Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS CLAIMS

### FIRST COUNT
### Violations of the FDCPA

57.  Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

58.  Defendants are "debt collectors" within the scope of the definition contained in 15 U.S.C. §1692a(6) and interpretations thereof.

59.  Plaintiff and others similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

60.  The April 24, 2023 Letter was an attempt to collect a consumer debt from Plaintiff on behalf of another.

61.  Defendants have sent communications to others similarly situated to Plaintiff that were attempts to collect consumer debts on behalf of another, were not formal pleadings, and failed to disclose that the communication was from a debt collector.

62.  The debts alleged to be owed by the Plaintiff and others similarly situated are consumer debts as defined by the FDCPA.

63.  Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

64.  Defendants violated the FDCPA in connection with their collection attempts against Plaintiff and others similarly situated.

65.  Defendants violated the FDCPA at 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(1), and 15 U.S.C. § 1692f, in connection with their collection attempts against Plaintiff and others similarly situated by sending communications that were attempts to collect an alleged consumer debt, the communication failed to disclose that the communication was from a debt collector, and the communication was not a formal pleading.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, demands judgment against the Defendants as follows:

a.  For certification of this matter as a class action, appointing the named Plaintiff as the class representative, and appointing David C. Ricci, Esq. as class counsel;

b.  For maximum statutory damages under the FDCPA (15 U.S.C. § 1692, *et seq.*) and all other applicable statutes;

c.  For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3) and all other applicable statutes;

d.  For pre-judgment and/or post-judgment interest; and

e.  For such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demand a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, David C. Ricci, Esq., are hereby designated as trial counsel for the Plaintiff in the above matter.

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party who should be joined in the action at this time.

Dated: April 21, 2024

*s/David C. Ricci*
David C. Ricci, Esq.
*Attorney for Plaintiff and*
*the putative class*

# Exhibit A

## LAW OFFICE OF MICHAEL J. FILIPPIS, LLC
### ATTORNEY AT LAW
276 BROAD STREET, SUITE 1
BLOOMFIELD, NEW JERSEY  07003

---

N.J. & Fla. Bars

TEL: (973) 259-9944
FAX: (973) 259-9946

April 24, 2023

Arnissia Brown
225 Beechwood Avenue, Apt. 206
Trenton, N.J.  08618-3442

Re:   Angeli Rasbury vs. Arnissia Brown
      Mercer County Special Civil Part/Docket # DC-003431-21
      Attorney File # F-7800

Dear Ms. Brown:

Please note that I have received and reviewed your answers to the Interrogatories previously propounded by my office which were/signed dated on March 30, 2023.  Please also note that, for the reasons set forth herein, the below-referenced answers are not responsive:

**Question 14.**  Your answer states that you saw a doctor about a medical condition identified therein and that you received medication and treatment for same.  You must also provide a copy of a medical report and/or other similar/relevant correspondence/documentation documenting your alleged condition and the medication/treatment you were prescribed for same, as requested in this Interrogatory question.

**Question 16.**  The question requests that, if an action identified therein was taken by the plaintiff, you state why said action was taken.  State the reason(s) why, to your knowledge/belief, the action identified in your answer was taken by the plaintiff and why, to your knowledge/belief, the said action was dismissed by the plaintiff.

**Question 17.**  The question requests that, in the event you did not provide your forwarding address to the plaintiff, you state why not.  The requested information must be provided in response to this Interrogatory question.

In light of the foregoing, you are hereby placed on notice pursuant to Court Rule 1:6-2(c) that you are in non-compliance with the plaintiff's Interrogatories/discovery demands.  Therefore, please provide my office with **fully** responsive answers to the above-referenced Interrogatories **immediately** so that an appropriate motion to suppress your answer and/or to compel same in accordance with the Rules of Court may be avoided.

Thank you for your attention to this matter.

-2-

Very truly yours,

Michael J. Filippis, Esq.

MJF/msp

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-002734-24

**Case Caption:** BROWN ARNISSIA  VS LAW OFFICE OF MICHAE L J. FILI

**Case Initiation Date:** 04/22/2024

**Attorney Name:** DAVID C RICCI

**Firm Name:** DAVID C. RICCI, LLC

**Address:** 51 JFK PARKWAY FIRST FL WEST SHORT HILLS NJ 07078

**Phone:** 9732182627

**Name of Party:** PLAINTIFF : Brown, Arnissia

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Arnissia Brown? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
This case is a putative class action. Please assign Track 4 for total handling by the assigned judge

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>04/22/2024</u>
Dated

<u>/s/ DAVID C RICCI</u>
Signed

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   APRIL 22, 2024
                        RE:     BROWN ARNISSIA  VS LAW OFFICE OF MICHAE L J. FILI
                        DOCKET: ESX L -002734 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON KEITH E. LYNOTT

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (973) 776-9300 EXT 57184.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                        ATTENTION:
                                ATT: DAVID C. RICCI
                                DAVID C. RICCI, LLC
                                51 JFK PARKWAY
                                FIRST FL WEST
                                SHORT HILLS     NJ 07078


ECOURTS

# EXHIBIT  B

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Jeffrey S. Leonard, Esq. (038851993)
One Riverfront Plaza
Suite 800
Newark, N.J. 07102
Tel:  (973) 577-6260
Jeffrey.Leonard@lewisbrisbois.com
LBBS File No. 47900-211
Attorneys for Defendants, Law Office of Michael J. Filippis, LLC and Michael J. Filippis, Esq.

| | |
|---|---|
| ARNISSIA BROWN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>LAW OFFICE OF MICHAEL J. FILIPPIS, LLC and MICHAEL J. FILIPPIS,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY: LAW DIVISION<br><br>DOCKET NO.:  ESX-L-2734-24<br><br>Civil Action<br><br>**NOTICE OF FILING OF  NOTICE OF REMOVAL** |

  **PLEASE TAKE NOTICE** that on August 13, 2024, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1446(b), Defendants Law Office of Michael J. Filippis, LLC and Michael J. Filippis, by and through their undersigned counsel, filed a Notice of Removal of this action with the Clerk of the United States District Court for the District of New Jersey.  A copy of the Notice of Removal is attached as **Exhibit A**.

      **LEWIS, BRISBOIS, BISGAARD & SMITH LLP**

     BY:  ___*/s/ Jeffrey S. Leonard*___
       Jeffrey S. Leonard
       Attorney for Defendants

Dated: August 13, 2024

144061308.1

# EXHIBIT A

# EXHIBIT  C

David C. Ricci, Esq. – NJ Attorney ID 037622011
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, New Jersey 07078
Tel: 973-218-2627   Fax: 973-206-6955
Email: dricci@NJConsumerLawyer.com
*Attorney for the Plaintiff and others similarly situated*



FILED

AUG - 2 2024

Hon. Stephen L. Petrillo, J.S.C.

| | |
|---|---|
| Arnissia Brown, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>Law Office of Michael J. Filippis, LLC and Michael J. Filippis<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO. ESX-L-2734-24<br><br>**ORDER GRANTING SUBSTITUTED<br>SERVICE BY COURT ORDER<br>PURSUANT TO RULE 4:4-4(b)(3)** |

This matter having been opened to the Court by Plaintiff Arnissia Brown, via her attorney, the Law Office of David C. Ricci, LLC, David C. Ricci, Esq. appearing, for an Order Granting Substituted Service by Court Order pursuant to *R.* 4:4-(b)(3), and the Court having reviewed the moving papers, and any opposition thereto submitted, and the argument of counsel, if any, and for good cause shown,

   **IT IS**, on this <u>2</u> day of <u>August</u>, 2024, hereby **ORDERED**:

1. Plaintiff's Motion is hereby **GRANTED**;

2. Plaintiff shall effect service of the Summons and Complaint on Defendant Law Office of Michael J. Filippis LLC, by mailing the Summons and Complaint by both regular mail and certified mail, return receipt requested, to the Law Office of Michael J. Filippis LLC, 276 Broad St., Ste 1, Bloomfield, NJ 07003 within <u>14</u> days of the date of this Order;

3. Plaintiff shall effect service of the Summons and Complaint on Defendant Michael J. Filippis, by mailing the Summons and Complaint by both regular mail and certified mail,

return receipt requested, to the Law Office of Michael J. Filippis LLC, 276 Broad St., Ste

1, Bloomfield, NJ 07003 within \_\_14\_\_ days of the date of this Order;

4.   Plaintiff shall effect service of the Summons and Complaint on Defendant Michael J.

Filippis, by emailing the Summons and Complaint for each defendant to

*mjflawoffc@aol.com,* the law office email address of Michael J. Filippis, Esq. within

\_\_14\_\_ days of the date of this Order;

5.   Together, the attempts at service described in paragraphs 2-4 shall constitute the

substituted method of obtaining in personam jurisdiction over Defendant Law Office of

Michael J. Filippis LLC and Defendant Michael J. Filippis consistent with due process of

law; and

It is **FURTHER ORDERED** that this Order be served on Plaintiff via eCourts and on

Defendants by regular mail and certified mail, return receipt requested, to the Law Office of

Michael J. Filippis LLC, 276 Broad St., Ste 1, Bloomfield, NJ 07003 within \_\_7\_\_ days of the

date of this Order.

HON. STEPHEN L PETRILLO, J.S.C.

\_\_\_Opposed    √ Unopposed

ORDERED, that this order
be served in accordance
with R. 1:5-1(a).